IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NARPAT BHANDARI, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 6:06 CV 480 |
| | § | PATENT CASE |
| CADENCE DESIGN SYSTEMS, INC., | § | |
| et. al., | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Cadence Design Systems, Inc., Magma Design Automation, Inc., Altera Design Corp., and Mentor Graphics Corp.'s (collectively "Defendants"[1]) Motion to Dismiss or Transfer (Docket No. 33) and Plaintiff Narpat Bhandari's Motion for Leave to File First Amended Complaint (Docket No. 46). The Court has considered the parties' written arguments. Because the Court lacks subject matter jurisdiction to hear this case, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Bhandari's motion for leave.

## BACKGROUND

Narpat Bhandari and non-party Daniel Watkins filed the application that became U.S. Patent No. 5,663,900. The day they filed the application, they both assigned their interests in the patent to Vasona Systems, Inc., an entity they had formed. In 1998, Vasona assigned the patent to Vanguard Systems, Inc., another company that Bhandari owns.

At all relevant times, inventor Watkins was employed by LSI Logic Corp. His employment

---

[1] Aldec, Inc. is also a defendant in this action, but did not join in the motion to dismiss or transfer.

1

agreement stated that he assigned LSI his

> entire right, title and interest in and to all inventions . . . made or conceived by [him] (whether made solely by [him] or jointly with others) during the period of [his] employment with [LSI] which are made with [LSI's] equipment, supplies, facilities, trade secrets, or time, or which relate in any manner to the actual or demonstrably anticipated business, work, or research and development of [LSI], or which results from or is suggested by any task assigned to [him] or any work performed by [him] or on behalf of [LSI].

Watkins did not expressly assign any interest in the '900 patent to LSI. However, LSI has paid the maintenance fees on the patent and identified itself as the attorney/agent for the '900 patent.

Bhandari brought suit as the plaintiff against Defendants in the Eastern District of Texas on November 11, 2006. On February 8, 2007, Defendants filed a declaratory judgment action against Bhandari and Vanguard on the '900 patent in the Northern District of California. On February 12, 2007, Defendants moved to dismiss the action in the Eastern District of Texas arguing that Bhandari lacks standing to sue since he previously signed away his interest in the patent. Defendants also argue the case should be dismissed because LSI is at least a co-owner of the patent and is therefore an indispensable party. Additionally, Defendants argue that if the case is not dismissed, it should be transferred to the Northern District of California, where Defendants' declaratory judgment action is pending. Bhandari opposes dismissal and transfer. Bhandari contends that LSI does not have any interest in the '900 patent because Watkins used his own time, did not use LSI equipment, supplies, or facilities in creating the invention, and the invention does not relate to LSI's business.

On March 8, 2007, Bhandari moved for leave to file a first amended complaint, which names Vanguard as the only plaintiff—and thus corrects any defect in standing—and adds an additional defendant. Defendants oppose the motion for leave. Defendants contend that since Bhandari did not have standing to bring suit, the Court lacks subject matter jurisdiction to allow him to amend the

complaint. Defendants argue that LSI remains an indispensable party, but cannot be joined in this suit because Defendants took licenses from LSI for the '900 patent after this suit was filed. Finally, Defendants contend that if the Court does not dismiss the case, it should transfer the case to the Northern District of California for the convenience of the parties and witnesses or under the first to file rule since the California case is the first filed case with the proper parties.

## APPLICABLE LAW

Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A plaintiff who does not have standing to assert a claim against the defendant does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, or a new cause of action. *Aetna Cas. & Sur. Co., v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) (describing the holding in *Summit Office Park v. U.S. Steel Corp.*, 639 F.2d 1278, 1282–83 (5th Cir. 1981)); *see also Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) ("[Federal Rule of Civil Procedure] 15 does not permit a plaintiff from [sic] amending its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction." (describing the holding in *Hillman*, 796 F.2d at 774)). If a federal court lacks subject matter jurisdiction, it must dismiss the action. *Hillman*, 796 F.2d at 776; FED. R. CIV. P. 12(h)(3).

Only a patentee has standing to bring suit for patent infringement in its own name. *Textile Prods., Inc. v. Mead Corp.,* 134 F.3d 1481 (Fed. Cir. 1998); *see* 35 U.S.C. § 281. When a patentee transfers title in a patent by assignment, the assignee is the effective patentee under the Patent Act and the assignee has standing to sue for infringement in its own name. *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340 (Fed. Cir. 2006).

3

## ANALYSIS

The day he filed the application that became the '900 patent, Bhandari assigned his interest in the '900 patent to Vasona, who in turn eventually assigned its interest to Vanguard. Thus, Bhandari does not have any legal interest in the '900 patent. Accordingly, Bhandari does not have standing to bring this suit for infringement of the '900 patent. Bhandari moves to cure this defect by amending his complaint to name Vanguard as the plaintiff. However, since Bhandari does not have standing, this Court lacks subject matter jurisdiction over this suit and lacks jurisdiction to consider the motion to amend the complaint.

The cases Bhandari cites in support of his position are not controlling. In *Valmet Paper Machinery, Inc. v. Beloit Corp.*, 868 F. Supp. 1085 (W.D. Wis. 1994), the district court allowed plaintiffs to maintain the action in their own names when they were assigned the patent after they had filed suit. In *Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305 (D. Del. 1995), the district court dismissed the defendant's patent infringement counterclaim without prejudice because the defendant did not have standing as an assignee to assert the patent when it filed its counterclaim and had not moved to amend its answer to assert facts that gave it standing. In these two cases, the party asserting the patent eventually had standing to assert the patent, but did not have standing when the claim was filed. This is very different from the present situation. Here, Bhandari has not acquired an interest in the patent since suit was filed, but instead seeks to substitute a separate legal entity with standing as the plaintiff. Such a substitution would be akin to initiating a new lawsuit with a new plaintiff and a new cause of action. *See Hillman*, 796 F.2d at 774; *Summit Office Park*, 639 F.2d at 1283.

**CONCLUSION**

Since Bhandari does not have a legal interest in the '900 patent, he does not have standing to bring this suit.  Therefore, the Court lacks subject matter jurisdiction.  Since Bhandari does not have standing to bring the suit, he also lacks standing to amend his complaint.  According, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Bhandari's motion to amend.  The Court **DISMISSES** this case without prejudice to any plaintiffs with standing to bring suit.

**So ORDERED and SIGNED this 11th day of May, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**